## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| CAMAR CONSTRUCTION CO., INC.,  ) | |
| and HORACE OVERTON,  ) | |
|  ) | |
| Plaintiffs,  ) | |
| v.  ) | CV 05-JEO-0163-W |
|  ) | |
| HUNT REFINING COMPANY, INC.,  ) | |
|  ) | |
| Defendant.  ) | |

### **MEMORANDUM OPINION**

The plaintiffs in this action assert that Defendant Hunt Refining Company, Inc., (hereinafter "the defendant" or "Hunt") discharged contaminants from its pipeline facilities on or near their property, thereby contaminating the property.  (Doc. 1 at ¶¶ 7-23).  They present state law claims of trespass (Count I), nuisance (Count II), negligence (Count III), wantonness (Count IV), defamation (Count V), and strict liability (Count VI).  (Doc. 1).  The plaintiffs allege that this court has jurisdiction "because the amount in controversy is within the jurisdictional limits of the court and the claims fall within the residual jurisdiction of this court."  (*Id*. at ¶ 6).

The defendant has filed a motion to dismiss asserting that the complaint is due to be dismissed because the court lacks jurisdiction.  (Doc. 5).  The plaintiffs counter that their complaint does state federal claims.  Specifically, they assert as follows:

> The "Clean Water Act" was enacted to achieve "the national goal of eliminating the discharge of all pollutants."  33 U.S.C. § 1311(b)(2)(A). Furthermore, the conduct by the Defendant violates countless other environmental protection laws, including but not limited to the following: the National Environmental Policy Act of 1969; the Chemical Safety Information, Site Security and Fuels Regulatory Relief Act; the Clean Air Act; the Comprehensive Environmental Response, Compensation, and Liability Act; the Emergency Planning & Community Right-to-Know Act; the Oil Pollution Act of 1990; the Pollution Prevention Act; the Resource Conservation and Recovery Act; the Safe

> Drinking Water Act; the Superfund Amendments and Reauthorization Act; and the Toxic Substances Control Act.

(Doc. 8 at ¶ 4). They further assert that this court has supplemental jurisdiction of the state law claims. (*Id*. at ¶¶ 8-9). Finally, they assert that there is diversity jurisdiction premised on the defendant's association with the "Hunt family of companies," including those based in Texas. (*Id*. at ¶ 11).

The defendant replies that the plaintiff's claims do not arise under federal law and there is a lack of diversity jurisdiction because "the [defendants'] refinery, headquarters, and majority of employees are located in Tuscaloosa County, Alabama." (Doc. 9 at p. 2).

On May 23, 2005, the plaintiffs notified the court that United States District Judge L. Scott Coogler recently addressed the jurisdictional issues presented in the pending motion in the matter of *Kristy Goree and Christy Price v. Hunt Refining Company, Inc*., CV-05-CO-0356-W (hereinafter "*Goree*"). In the letter, the plaintiffs state that "if the Court is of the opinion that Judge Coogler's Order was sound, the Plaintiffs hereby request that [the court] enter a similar order dismissing the case before [it] <u>without prejudice</u> so that we may proceed with this action in state court." (Letter dated May 20, 2005 (emphasis in original)).

## DISCUSSION

After reviewing Judge Coogler's Memorandum of Opinion granting the defendant's motion to dismiss and the facts and the arguments of counsel in this matter, the court is convinced of a number of things. First, Judge Coogler's reasoning is "sound." Second, the facts and legal theories underlying the pending matter are sufficiently similar to warrant application of

his reasoning.[1]  Third, this action is due to be dismissed without prejudice to the plaintiffs' rights to proceed in state court for the reasons articulated by Judge Coogler.

## CONCLUSION

Premised on the foregoing, the court finds that the motion is due to be granted and this action dismissed without prejudice to the plaintiffs' right to proceed in state court.

**DONE**, this the 31st day of May, 2005.

_____
**JOHN E. OTT**
United States Magistrate Judge

---

[1] The court notes that although the substantive legal claims are somewhat different, they are all state law claims and are not federal claims invoking federal question jurisdiction for the reasons stated by Judge Coogler in *Goree*. As noted by Judge Coogler,

> Hunt's conduct may very well have violated one or more federal statutes; however, the plaintiffs elected not to seek relief pursuant to those statutes.  Further, it is not necessary for the plaintiffs to prove a violation of any federal statute in order to prove their state law claims.  As such, there is no disputed question of federal law that is a necessary element of any of the plaintiffs' claims.  Federal question jurisdiction does not exist.

(*Goree*, Doc. 10 at p. 5).